IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTERN AGRICULTURAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. _____ |
| LOTUS INVESTMENTS, LLC, | ) ) ) |
| Defendant, | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Western Agricultural Insurance Company ("Western") seeks a declaratory judgment, pursuant to 28 U.S.C. §2201, that there is no coverage under a policy of insurance issued by plaintiff to defendant Lotus Investments, LLC for a fire occurring on or about December 12, 2021 at property located at 1325 Merchant Avenue, Emporia, Kansas, and further states and alleges:

**PARTIES**

1. Plaintiff Western Agricultural Insurance Company is an insurance company incorporated and existing under the laws of Iowa, with its principal place of business located at 5400 University Avenue, West Des Moines, Iowa 50266. Western is accordingly a citizen of Iowa.

2. Defendant Lotus Investments, LLC is a limited liability company. There are three (3) members of the LLC: Dr. Sunil Gotru, Ashish Chouhan, and Subba Roa Ranuri. Dr. Gotru is a resident and citizen of the State of Kansas, Mr. Chouhan is a resident and citizen of North Carolina, and Mr. Ranuri is a resident and citizen of India. None of the members of the limited liability company are citizens of the State of Iowa.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. §1332, because the dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the dispute occurred in this District.

5. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201.

6. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

7. A real and present case and controversy is presented.

## FACTUAL ALLEGATIONS

8. On December 12, 2021 an incendiary fire occurred at property located at 1325 Merchant Avenue, Emporia, Kansas.

9. The building located at 1325 Merchant Avenue, Emporia, Kansas is an apartment building but, at the time of the December 12, 2021 fire, there were no tenants renting or residing there. See Examination Under Oath of Dr. Sunil Gotru, 38:1-12, attached hereto as Exhibit "A".

10. Western issued a policy of insurance, Policy No. BP 6024930 01, to Lotus Investments, LLC providing certain coverages for loss or damage to the building located at 1325 Merchant Avenue, Emporia, Kansas subject to the policy's terms, provisions, conditions, and exclusions, with a policy period of October 27, 2021 through October 27, 2022. See Policy of Insurance, attached hereto as Exhibit "B".

102417925.v1

11. Exhibit "B" is a true and accurate copy of the policy in force on December 12, 2021.

12. At the time of and sixty (60) days prior to the December 12, 2021 fire, there were no tenants residing at 1325 Merchant Avenue, Emporia, Kansas. Exhibit "A", 38:1-12.

13. As a result of the December 12, 2021 fire, defendant Lotus Investment, LLC has presented a claim for insurance benefits to plaintiff Western Agricultural Insurance Company under the policy of insurance issued to defendant by plaintiff, Policy No. BP 6024930 01.

14. The policy issued to defendant by plaintiff, Policy No. BP 6024930 01, was amended by the Protective Safeguards Endorsement (Form BP 604 30(07-13)), and requires defendant Lotus Investments, LLC maintain an automatic sprinkler system and automatic fire alarm at the building located at 1325 Merchant Avenue, Emporia, Kansas as conditions of coverage under the insurance policy. See Exhibit "B".

15. The policy's Protective Safeguards Endorsement (Form BP 604 30(07-13)), provides in part:

## PROTECTIVE SAFEGUARDS

\*\*\*

**A.** The following is added to the Property General Conditions in **Section I-Property**:

**Protective Safeguards**

**1**. As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.

**2**. The protective safeguards to which this endorsement applies are identified by the following symbols:

      **a.**    **"P-1" Automatic Sprinkler System**, including related supervisory services.

          Automatic Sprinkler System means:

          **(1)**    Any automatic fire protective or extinguishing system, including connected:

              **(a)**    Sprinklers and discharge nozzles;
              **(b)**    Ducts, pipes, valves, and fittings;
              **(c)**    Tanks, their component parts and supports; and
              **(d)**    Pumps and private fire protection mains.

          **(2)**    When supplied from an automatic fire protective system:

              **(a)**    Non-automatic fire protective systems; and
              **(b)**    Hydrants, standpipes and outlets.

      **b.**    **"P-2" Automatic Fire Alarm**, protecting the entire building, that is:

          **(1)**    Connected to a central station; or

          **(2)**    Reporting to a public or private fire alarm station.

\*\*\*

**B.**    The following is added to Paragraph **B. EXCLUSIONS** in **Section I-Property**:

We will not pay for loss or damages caused by or resulting from fire if, prior to the fire, you:

**1.**    Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

**2.**    Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

\*\*\*

16.    The Policy's Property Loss Conditions provide in part:

\*\*\*

**E.**    **Property Loss Conditions**

\*\*\*

4

**8. Vacancy**

    **a. Description Of Terms**

        **(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in Paragraphs **(a)** and **(b)** below:

            **(a)** When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

            **(b)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:

                **(i)** Rented to a lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

                **(ii)** Used by the building owner to conduct customary operations.

        **(2)** Buildings under construction or renovation are not considered vacant.

            **(b) Vacancy Provisions**

            If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

                **(i)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

                    **(a)** Vandalism;
                    **(b)** Sprinkler leakage, unless you have protected the system against freezing;
                    **(c)** Building glass breakage;
                    **(d)** Water damage;
                    **(e)** Theft; or

       **(f)**  Attempted theft.

   **(2)** With respect to Covered Causes of Loss other than those listed in Paragraphs **(1)(a)** through **(1)(f)** above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

\*\*\*

## COUNT I – DECLARATION THAT THE POLICY OF INSURANCE AFFORDS NO COVERAGE DUE TO VACANCY

17. Western realleges and incorporates by reference paragraphs 1 through 16, above.

18. Pursuant to the Vacancy Property Loss Condition, coverage is excluded if the building where loss or damage occurs has been vacant, as defined by the policy, for more than 60 consecutive days if the loss or damage was caused by certain Covered Causes of Loss, including vandalism. If the loss to the building was caused by a Covered Cause of Loss not listed in the Vacancy Property Loss Condition, the amount to be paid under the policy for the loss or damage is reduced by 15%. Exhibit "B".

19. At the time of the subject fire, defendant Lotus Investments, LLC owned the building located at 1325 Merchant Avenue, Emporia, Kansas.

20. On December 12, 2021, less than 31% of the square footage of the building located at 1325 Merchant Avenue, Emporia, Kansas was rented to lessees or sublessees.

21. On December 12, 2021, less than 31% of the square footage of the building located at 1325 Merchant Avenue, Emporia, Kansas was being used by defendant Lotus Investments, LLC to conduct customary operations.

22. At the time of the subject fire, the building located at 1325 Merchant Avenue, Emporia, Kansas was vacant, as defined by the policy, and had been for 60 consecutive days before said fire.

23. At the time of the subject December 12, 2021 fire, the building located at 1325 Merchant Avenue, Emporia, Kansas was not being remodeled or renovated. Exhibit "A", 85:6-86:3; 86:12-17.

24. Under Kansas law, arson to a building is considered a form of vandalism. *See*, *Estes v. St. Paul Fire and Marine Ins. Co.*, 45 F.Supp.2d 1227,1229 (D. Kan. 1999) ("Arson … clearly is within the plain and ordinary meaning of vandalism")*.*

WHEREFORE, plaintiff Western Agricultural Insurance Company requests the Court enter its judgment declaring that, by virtue of the Vacancy Property Loss Condition, the Western Agricultural Insurance Company policy of insurance issued to defendant Lotus Investments, LLC affords no coverage for the claims of defendant Lotus Investments, LLC arising out of the subject December 12, 2021 fire.

Alternatively, plaintiff Western Agricultural Insurance Company requests the Court enter its judgment declaring that, by virtue of the Vacancy Property Loss Condition, any amounts owed by Western Agricultural Insurance Company to Lotus Investments, LLC pursuant to the subject policy of insurance for the claims arising out of the December 12, 2021 fire should be reduced by 15%.

**COUNT II – DECLARATION THAT THE POLICY OF INSURANCE AFFORDS NO COVERAGE DUE TO A FAILURE TO MAINTAIN PROTECTIVE SAFEGUARDS**

25. Western realleges and incorporates by reference paragraphs 1 through 24, above.

102417925.v1

26. Pursuant to the Protective Safeguards Endorsement amending the Western Agricultural Insurance Company policy issued to defendant Lotus Investments, LLC, Lotus Investments, LLC was required to maintain the subject buildings automatic sprinkler system and automatic fire alarm as a condition of said insurance. Exhibit "B".

27. Pursuant to the Protective Safeguards Endorsement amending the Western Agricultural Insurance Company policy issued to defendant Lotus Investments, LLC, coverage is excluded for loss or damages caused by or resulting from fire if, prior to the fire, defendant Lotus Investments, LLC failed to maintain in complete working order any protective safeguard identified in the endorsement and/or declarations over which Lotus Investments, LLC had control. Exhibit "B".

28. As owner of the building located at 1325 Merchant Avenue, Emporia, Kansas, defendant Lotus Investments, LLC had control of the building's automatic sprinkler system at the time of and prior to the December 12, 2021 fire.

29. At the time of the December 12, 2021 fire, the building located at 1325 Merchant Avenue, Emporia, Kansas did not have an installed and/or functioning automatic fire alarm as defined and required by the policy's protective safeguards endorsement. Exhibit "A", 134:22-135:21.

30. On December 12, 2021, no employee of defendant Lotus Investments, LLC knew where the sprinkler room or riser/valve to the building's internal automatic fire sprinkler system was located within the building.  Exhibit "A", 107:12-21.

31. Prior to the subject December 12, 2021 fire, the building located at 1325 Merchant Avenue, Emporia, Kansas had experienced break-ins and squatters residing within the building.

32. The building's riser/valve providing water to the internal automatic fire sprinkler system was not contained within a secured room, and the riser/valve itself was unlocked.

33. On December 12, 2021, the riser/valve to the building's automatic sprinkler system was closed, preventing appropriate operation of said system at the time of the subject fire.

34. At the time of the December 12, 2021 fire, defendant Lotus Investments, LLC had failed to maintain the building's automatic sprinkler system and automatic fire alarm in complete working order as required by the Protective Safeguards Endorsement.

35. At the time of the subject December 12, 2021 fire, the building's internal automatic fire sprinkler system was not in good working order.

WHEREFORE, plaintiff Western Agricultural Insurance Company requests the Court enter its judgment declaring that, by virtue of the policy's Protective Safeguards Endorsement, the Western Agricultural Insurance Company's policy of insurance issued to defendant Lotus Investments, LLC affords no coverage for the claims of defendant Lotus Investments, LLC arising out of the subject December 12, 2021 fire.

WALLACE SAUNDERS, CHARTERED

BY: ___/s/ Mark D. Ware_____
    Mark D. Ware    KS 25020
    10111 West 87th Street
    Overland Park, KS 66212
    (913) 888-1000 FAX (913) 888-1065
    mware@wallacesaunders.com
ATTORNEYS FOR PLAINTIFF WESTERN AGRICULTURAL INSURANCE COMPANY