IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESTERN AGRICULTURAL<br>INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>LOTUS INVESTMENTS, LLC,<br><br>    Defendant. | Case No. 23-cv-1048-TC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to File Third-Party Complaint (ECF No. 19). Defendant seeks leave to assert negligence and negligent misrepresentation claims in a third-party complaint against Stephen Curtin and Farm Bureau Financial Services pursuant to Fed. R. Civ. P. 14. Plaintiff did not oppose Defendant's motion. For the reasons stated below, the Court grants Defendant leave to file its third-party complaint.

**I.  Factual and Procedural Background**

Plaintiff filed its Complaint for Declaratory Judgment against Defendant on March 31, 2023, asking the Court to declare that there is no insurance coverage under Policy Number BP 6024930 01 (the "Policy") for losses Defendant sustained to its apartment building from a December 12, 2021 fire. Plaintiff alleges that it denied coverage based upon the vacancy of the building when the loss or damage occurred and Defendant's failure to maintain the automated fire alarm system and automatic sprinkler system required by the protective safeguards endorsement of the Policy. Plaintiff alleges pursuant to the Vacancy Property Loss Condition, coverage is excluded if the building where loss or damage occurs has been vacant for more than 60 consecutive

days and the loss or damage was caused by certain covered causes of loss, including vandalism, and at the time of the subject fire, the building had been vacant for 60 consecutive days. Plaintiff further alleges Defendant did not have an installed and/or functioning automatic fire alarm and the building's internal automatic fire sprinkler system was not in good working order.

On May 11, 2023, Defendant filed its answer asking the Court to declare that there is insurance coverage under the Policy for the losses it sustained. Defendant argues the building was under repair and renovation at the time of the fire and therefore was not vacant within the meaning of the policy, and Plaintiff was aware of the vacancy through its agent. Defendant denies that it failed to maintain the required protective devices or services required by the Policy.

**II.     Analysis**

Federal Rule of Civil Procedure 14 governs the filing of a third-party complaint. Under Rule 14(a)(1), a defending party may file a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it."[1] The defendant must obtain leave of court by motion if the third-party complaint is filed more than 14 days after its original answer.[2] Whether to grant or deny leave to file a third-party complaint is a matter within the court's sound discretion.[3]

---

[1] Fed. R. Civ. P. 14(a)(1).

[2] *Id.*

[3] *See First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777–78 (10th Cir. 1992) ("The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court."); *U. S. Fid. & Guar. Co., v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge.").

A third-party claim may be asserted under Rule 14 "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant."[4] The original defendant's claim against a third-party defendant cannot simply be a related claim or one that arises against the same general background, but must be based upon the plaintiff's claim against the original defendant.[5] "A defendant may not contend that another person is liable directly to the plaintiff. Rather, the rule allows a defendant to bring in parties if liability may be passed on to the impleaded third party."[6]

Even if the requirements of Rule 14 are met, numerous cases recognize that a court still has discretion to grant or deny a Rule 14 motion.[7] In exercising its discretion, a court should construe the rule liberally to effectuate its intended purpose of adjudicating the rights of all persons concerned in the controversy in one proceeding and preventing the necessity of trying several related claims in different lawsuits.[8] Some factors courts have considered when exercising this discretion include:

> (1) the benefits of a single action versus prejudice to the other party and confusion;
> (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether

---

[4] *United of Omaha Life Ins. Co. v. Reed,* 649 F. Supp. 837, 841 (D. Kan. 1986).

[5] *Id.*

[6] *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard,* 216 F.R.D. 511, 513 (D. Kan. 2003) (citing *In re Dep't of Energy Stripper Well Exemption Litig.,* 752 F. Supp. 1534, 1536 (D. Kan. 1990)).

[7] *Cessna Fin. Corp. v. Tri-Cty. Builders Corp.*, No. 14-1124-JTM-TJJ, 2014 WL 7148840, at *1 (D. Kan. Dec. 15, 2014); *Digital Ally, Inc. v. Z3 Tech., LLC*, No. 09-2292-KGS, 2011 WL 723039, at *4 (D. Kan. Feb. 23, 2011) (citing *Farmers & Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973); *First Nat'l Bank of Nocona*, 957 F.2d at 777).

[8] *See United States v. Acord,* 209 F.2d 709, 712 (10th Cir. 1954) ("The purpose of Rule 14 [is] to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. The rule should be liberally construed to effectuate its intended purposes.").

the main case would unnecessarily expand in scope; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.[9]

In a case with similar facts, *United of Omaha Life Ins. Co. v. Reed*,[10] the insurer brought a declaratory judgment action seeking a declaration of non-liability for claims under a health insurance policy. The insured defendant filed a third-party complaint against the plaintiff's insurance agent, based upon alleged representations the agent made to defendant regarding coverage.[11] On a motion to dismiss the third-party complaint, the court found the third-party complaint was proper because it sought to hold the agent responsible for any liability that the insured defendant would incur if the court declared there was no coverage under the insurance policy.[12] It noted that any decision about whether there was coverage would require evidence concerning the agent's representations.[13]

In support of the instant motion, Defendant argues that one fact raised by Plaintiff in support of its position there is no coverage is that Defendant failed to abide by the protective safeguards endorsement of the insurance policy. Defendant maintains the proposed third-party defendant, Stephen Curtin, was negligent in failing to communicate the existence of the policy endorsement and in representing that the policy would adequately insure the premises, including for loss by fire, which proximately caused Defendant's damages. Defendant contends it is

---

[9] *Digital Ally,* 2011 WL 723039, at *4 (citing *Willard,* 216 F.R.D. at 514).

[10] 649 F. Supp. at 841.

[11] *Id.*

[12] *Id.*

[13] *Id.*

necessary to add the insurance agency and agent as parties to this case based on the theory that these third parties should have provided proper notice to Defendant and failed to do so.

The Court finds Defendant has pled sufficient facts in its motion and proposed third- party complaint to show that it seeks to hold the insurance agency and agent responsible for any liability that Defendant will incur if the Court declares there is no coverage under the Policy. Only if Plaintiff is successful on its claims against Defendant—by obtaining a declaratory judgment that there is no insurance coverage under the Policy—will the proposed third-party defendant be liable to Defendant for all or part of Plaintiff's claims against it. It would also be wastefully duplicative to require Defendant to assert its claims against the insurance agency and agent in a separate action if the Court finds no coverage under the Policy.

Finally, the Court finds the other Rule 14 factors weigh in favor of granting the motion. Specifically, Defendant's proposed claims against the proposed third-party defendants would not unnecessarily expand the scope of the main case or unduly delay or complicate the case. Defendant's proposed third-party claims are based upon facts that are relevant to Plaintiff's underlying declaratory judgment action against Defendant. Defendant's motion was filed by the July 3, 2023 Scheduling Order deadline for filing motions for leave to amend the pleadings or add parties. The Court also finds that the benefits of a single action outweigh the risk of any prejudice or confusion to Plaintiff. Defendant is therefore granted leave to file its Third-Party Complaint against third-party defendants Farm Bureau Financial Services and Stephen Curtin pursuant to Fed. R. Civ. P. 14.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Third-Party Complaint (ECF No. 19) is GRANTED. Defendant is hereby granted leave to file its Amended

Complaint in the form attached to its motion and shall electronically file it forthwith. Defendant shall serve the Summons on a Third-Party Complaint[14] and its filed Third-Party Complaint upon newly added third-party defendants Farm Bureau Financial Services and Stephen Curtin on or before **August 31, 2023**.

IT IS SO ORDERED.

Dated July 31, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[14] This form is available on the Court's website at: http://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/summons-third-party-complaint.